**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CURTIZ JENKINS and TERRANCE SMITH, on behalf of themselves and others similarly situated, | Civil Action No: 19-00687 |
| Plaintiffs, | FLSA COLLECTIVE ACTION and RULE 23 CLASS ACTION COMPLAINT |
| versus | |
| LUXOR LIMO INC. | |
| Defendant. | Jury Trial Demanded |

Plaintiffs Curtiz Jenkins and Terrance Smith ("Plaintiffs"), on behalf of themselves and other similarly situated employees, as class representatives, by and through their attorney, Mohammed Gangat, file this Complaint against defendant Luxor Limo Inc. ("Defendant") and allege upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), they and a proposed FLSA Collective of others similarly situated are entitled to recover from Defendant unpaid overtime and liquidated damages thereon and attorneys' fees and expenses.

2. Plaintiffs further allege that, pursuant to the New York Labor Law ("NYLL"), they and a proposed Rule 23 class of other similarly situated employees are entitled to recover from Defendant: (I) unpaid overtime compensation and liquidated damages thereon and attorneys' fees and expenses; (II) damages on account of Defendant's failure to reimburse Plaintiffs for monies spent purchasing and maintain required work uniforms; and (III) statutory penalties for Defendant's failure to provide wage notices and wage statements.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and 28 U.S.C. §§ 1331 and 1337 and 1343 and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because at least one defendant resides in the district and the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are each an adult, over eighteen years of age, and residents of New York.

6. Defendant is a company operating in New York City in the transportation sector offering black car and limousine trips.

7. Defendant operated a taxi (or "black car") business.

8. Defendant used a fleet of TLC-licensed and insured black car and limousines which they owned.

9. Defendant sold trips to individuals and businesses.

10. To complete the trips, Defendant kept 50 or so drivers on payroll, including Plaintiffs, at any given time in the six years preceding the filing of this Complaint.

11. Defendant's practice was to on a daily (and sometimes less infrequent) basis assign drivers to trips, by telling a driver where to pick-up and drop-off customers, and prohibit drivers from completing any trips for any customers other than Defendant's customers.

12. Defendant required drivers to wear a uniform consisting of a black suit, black tie,

and black shoes.

13. Given the close proximity between driver and passenger within the vehicle, Drivers were required to have their suit washed and pressed frequently and near-daily basis.

14. Defendant owned the vehicles, maintained the vehicles, and licensed and insured the vehicles used to complete trips.

15. The drivers drove the vehicles to complete the trips, and along the way were also responsible for assisting customers with entering and exiting the vehicle, and loading and unloading the vehicle.

16. The vehicles Plaintiffs drove weighed less than 10,000 pounds.

17. Defendant paid each driver an hourly wage and a weekly commission.

18. Plaintiff Curtiz Jenkins's hourly rate was around $7.00 when he started working for Defendant in May 2016 and was later increased to $8.30 in around March 2018 and $9.80 around January 1, 2019.

19. Plaintiff Terrance Smith's hourly rate was $9.00 per hour when he started working in August 2017, and was raised to $8 in 2018.

20. Plaintiffs worked in excess of forty hours per week for Defendant when they were employed by Defendant as drivers.

21. Jenkins worked 6 to 7 days per week for the first approximately one year of his employment, which amounted to an approximately 70 hour workweek.  For the remainder of the employment, Jenkins spent several weeks working 5-6 days per week, amounting to a approximately 60 hour workweek, and several months working 3-4 days per week, which amounted to a approximately 40 hour workweek.

22. Smith typically worked five days per week, which amounted to anywhere

between 50 to 60 hours per week.  Plaintiff Terrance Smith did work fewer days some weeks.

23. A more precise statement of the hours and wage will be made when Plaintiffs obtain wage and hour records from Defendant in discovery in this action, and pursuant to Plaintiffs' right to demand a copy under the New York Labor Law.

24. In calculating the applicable overtime rate for drivers who worked in excess of forty hours per week, Defendant did not calculate the hourly rate of pay, as required by law, which is to take the total hourly earnings, add the earnings from commission, and divide that sum by the total hours worked.

25. Instead of calculating the overtime rate the proper way, Defendant simply paid time and one-half on the regular hourly rate, which was a rate at all times below the full minimum wage.

26. Defendant had a policy and practice of deducting anywhere from 1-2 hours a day from Plaintiffs' wages for lunch and rest breaks when in fact Plaintiffs did not get regular uninterrupted lunch or rest breaks.

27. For example, on a typical day for a driver, like one of the Plaintiffs, the driver might get 15-20 minutes when he can go somewhere to get lunch or to sit down and eat, while the rest of the time is spent in service of the customer, and yet, Defendant routinely would deduct anywhere from 1 to 2 hours claiming that it was a required lunch or rest break.

28. Plaintiffs had direct conversations with other drivers where those drivers disclosed they too worked in excess of 40 hours and were paid overtime in the same manner as Plaintiffs.

29. Defendant failed to provide wage statements

30. Defendant failed to provide Plaintiffs with required wage notices and wage

statements indicating the proper overtime rate.

31. Defendant knowingly and willfully operated their business with a policy of not paying Plaintiffs and other similarly situated employees the FLSA overtime rate (of time and one-half), and the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

32. Defendant knowingly and willfully operated their business with a policy of not providing Plaintiffs and other similarly situated employees with notice of wage and hour laws, in direct violation of the New York Labor Law and the supporting federal and New York State Department of Labor Regulations, as part of an intentional and coordinated scheme to deprive Plaintiffs and other drivers of their rights under state and federal wage and hour laws.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs bring this action individually and as class representatives on behalf of themselves and all other current and former non-exempt employees who have been or were employed by Defendant as a driver earning an hourly wage, plus commissions, paid an overtime rate of time of time and one-half their hourly wage, and drove a vehicle weighing less than 10,000 pounds between February 4, 2016 and the date of final judgment in this matter (the "FLSA Collective").

34. Upon information and belief, the total number of members of the proposed collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are more than twenty five (50) Collective Action Members who worked for the Defendant during

the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiffs submit that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

35.     Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiffs have no interests that are contrary to or in conflict with those members of this collective action.

36.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

37.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

38.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendant have acted on grounds generally applicable to all members. Among the common questions of law and

fact common to Plaintiffs and other Collective Action Members are:

    a. Whether the Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendant had the power to hire and fire Plaintiffs and the Collective Action Members;

    c. Whether the Defendant had the power to set compensation policies for the Plaintiffs sand the Collective Action Members;

    d. Whether the Defendant had the power to set conditions of employment for the Plaintiffs and the Collective Action Members;

    e. Whether the Defendant had the power to set the work schedules of the Plaintiffs and the Collective Action Members;

    f. Whether the Defendant maintained employee records, including records of certifications and qualifications required to work, with respect to Plaintiffs and the Collective Action Members;

    g. Whether the Defendant' violations of the FLSA are willful as that term is used within the context of the FLSA;

    h. Whether the Defendant are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements; and

    i. Whether the Defendant failed to pay the Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked and the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations

promulgated thereunder.

39. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

40. Plaintiffs and others similarly situated have been substantially damaged by the Defendant' wrongful conduct.

## CLASS ACTION ALLEGATIONS

41. Plaintiffs sue on their own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

42. Plaintiffs bring their New York Labor Law claims on behalf of all persons who were employed by Defendant at any time in the six years preceding the date the complaint in this action was filed (the "Class Period") and were non-exempt employees employed by Defendant as a driver earning an hourly wage, plus commissions, paid an overtime rate of time of time and one-half their hourly wage, and drove a vehicle weighing less than 10,000 pounds.

43. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendant, the Class consists of all non-non-exempt drivers  and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

44. The claims of Plaintiffs are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial

8

resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

45. The Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

46. Plaintiffs have committed themselves to pursuing this action and have retained counsel experienced in employment law and class action litigation.

47. Plaintiffs will fairly and adequately protect the interests of the NY Class members. Plaintiffs understand that, as a class representative, they assume a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that they must consider the interests of the Class and Collective Action Members just as they would represent and consider their own interests, and that they may not favor their own interests over those of the Class or Collective Action Members.

48. Plaintiffs recognize that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members. Plaintiffs understand that in order to provide adequate representation, they must remain informed of litigation developments and they understand that they may be called upon to testify in depositions and at trial.

49. Plaintiffs have the same interests in this matter as all other members of the Class and Plaintiffs claims are typical of the Class.

50. There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a. Whether the Defendant employed Plaintiffs and the Class members within the meaning of the New York Labor Law;

b. Whether the Defendant had the power to hire and fire Plaintiffs and the Class members;

c. Whether the Defendant had the power to set compensation policies for Plaintiffs and the Class members;

d. Whether the Defendant had the power to set conditions of employment for the Plaintiffs and the Class members;

e. Whether the Defendant had the power to set work schedules for the Plaintiffs and the Class members;

f. Whether the Defendant maintained employees' records, including records of certifications and qualifications required to work for the Plaintiffs and the Class member;

g. Whether the Defendant failed to pay the Plaintiffs and the Class members the applicable minimum wage for all straight time hours worked, the required overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

h. Whether the Defendant failed to pay Plaintiffs and the Collective Action Members the proper overtime rate of pay; proper reimbursement for the purchase and maintenance of their required work uniforms; and for all hours worked;

i. Whether the Defendant' violations of the New York Labor Law are willful as that term is used within the context of the New York Labor Law; and,

j. Whether the Defendant are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs,

attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I

### Violation of the Fair Labor Standards Act

### Unpaid Overtime

51. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "53" of this Complaint as if fully set forth herein.

52. At all relevant times, upon information and belief, Defendant was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffss and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

53. At all relevant times, Defendant employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

54. Upon information and belief, at all relevant times, Defendant have had gross revenues in excess of $500,000. In this regard, Plaintiffs notes that Defendant operate cigarette wholesale business that sources product from outside New York state and resells it in New York state. The products are also manufactured outside of New York state.

55. Upon information and belief, at all relevant times, Defendant have had employees, including the Plaintiffs and all other hourly employees, engaged in interstate commerce, including utilizing goods and services moved through interstate commerce, including all items related to the purchase and maintenance of the motor vehicles used in Defendant's business.

56. Plaintiffs and the Collective Action Members were entitled to be paid for their overtime in an amount calculated by taking into account the commissions they earned; instead they were only paid time and one-half their regular hourly rate, which itself was below the full minimum wage.

57. Defendant failed to pay Plaintiffs and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

58. Defendant also failed to pay Plaintiffs and the Collective Action members for all of their overtime hours because of Defendant's practice of routinely deducting 1-2 hours for lunch and rest breaks despite the fact driver did not actually get that much time or free, uninterrupted lunch and rest breaks.

59. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Action Members when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiffss and the Collective Action Members.

60. Defendant failed to properly disclose or apprise Plaintiffs and the Collective Action Members of their rights under the FLSA.

61. As a direct and proximate result of Defendant' violation of the FLSA, Plaintiffs and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

62. Due to the reckless, willful and unlawful acts of the Defendant, Plaintiffs and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

63. Plaintiffs and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### Violation of the New York Labor Law

### Unpaid Overtime

64. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "66" of this Complaint as if fully set forth herein.

65. Defendant employed Plaintiffs and the Class members within the meaning of New York Labor Law §§ 2 and 651.

66. Defendant knowingly and willfully violated the rights of Plaintiffs and the Class members by failing to pay Plaintiffs and the Class members required overtime compensation.

67. Defendant failed to properly disclose or apprise Plaintiffs and the Class members of their rights under the New York Labor Law.

68. Defendant failed to furnish Plaintiffs and the Class members with a statement with every payment of wages properly listing rates of pay, gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and related regulations.

69. Defendant failed to furnish Plaintiffs and the Class members with a statement with every payment of wages properly listing rates of pay, gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and related regulations.

70. Defendant willfully deducted wages from Plaintiffs, claiming Plaintiffs were on lunch or rest break when in fact they were not.

71. At the time of their hiring, Defendant failed to notify Plaintiffs and the Class members of their proper rates of pay and their regularly designated payday, in contravention of

New York Labor Law § 195(1).

72. Due to the Defendant' New York Labor Law violations, Plaintiffs and the Class members are entitled to recover from Defendant the difference between their actual wages and the amounts that were owed under the New York Labor law. The deficiency accounts for overtime compensation for all overtime hours, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law§§ 663(1), 198.

73. Plaintiffs and the Class members are also entitled to liquidated damages pursuant to New York Labor Law§ 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## COUNT III

### Violation of the New York Labor Law

### Failure to Reimburse Cost of Purchasing and Maintaining Required Work Uniforms

74. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "76" of this Complaint as if fully set forth herein.

75. Defendant willfully violated New York Labor Law Section 190 et seq. by failing to reimburse Plaintiffs and Class member for the costs of purchasing and maintaining required work uniforms.

## COUNT IV

### Violation of the New York Labor Law

### Failure to to Provide Proper Wage Notice and Wage Statements

76. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "78" of this Complaint as if fully set forth herein.

77. Defendant willfully failed to provide Plaintiff and the Class with the notices

required by NYLL 195(1) and with wage statements required by NYLL 195(3).

78. Defendant's violation gives rise to Plaintiffs' claims for statutory damages, as well an award of attorneys' fees and costs pursuant to New York Labor Law 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs on behalf of themselves and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

i. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendant as a driver, with such notice informing drivers that this civil action has been filed, the nature of the action, and of the employees' right to join this lawsuit if the employee believes he or she was denied proper wages;

ii. An award for unpaid overtime compensation due under the FLSA and New York Labor Law;

iii. An award of liquidated damages as a result of Defendant' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages as a result of Defendant' failure to overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

v. An award of civil penalties pursuant to the New York State Wage Theft Prevention Act in the amount of $50 for each workweek Defendant failed to provided Plaintiffs and any class member proper annual wage notices as provided by NYLL Article 6, Section 198, and statutory penalties in the amount of $100 for each workweek Defendant failed to provided Plaintiffs and any class member proper wage statements as provided by NYLL Article 6,

      Section 198;

vi. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

vii. Designation of Plaintiffs as representative of the Rule 23 Class, and counsel of record as Class Counsel;

viii. Payment of a service award to Plaintiffs, in recognition of the services he renders to the FLSA Collective and Rule 23 Class;

ix. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under the NYLL and supporting regulations;

x. An award of prejudgment and post-judgment interest;

xi. An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. 216(b) and the NYLL; and

xii. Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to FRCP 38(b) Plaintiffs demands trial by jury on all issues.

Dated: New York, New York
      February 4, 2019

**LAW OFFICE OF MOHAMMED GANGAT**

By: _/s/ Mohammed Gangat_
_____
Mohammed Gangat, Esq.
675 3rd Avenue, Suite 1810
New York, NY
(718) 669-0714
mgangat@gangatpllc.com

16